UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Nelson Powers,

    Plaintiff,

v.                     06-3120

Defendant 1, Defendant 2, and
Springfield Police Department,

    Defendants.

## Case Management Order

    The plaintiff filed this action while incarcerated in Sangamon County Jail, but has since been released.

    The court is required to review the Complaint, and dismiss any action that fails to state a claim for violation of a federal right.[1] *Pro se* complaints are liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). The allegations are taken as true. Claims can only be dismissed if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

    The plaintiff alleges that he was arrested without probable cause. "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). "[W]hether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Id.

    At this point, the Court takes as true that the plaintiff was arrested without probable cause in violation of the Fourth Amendment. Whether there is evidence to support that allegation is a decision for summary judgment or trial. The plaintiff also alleges that his arrest was motivated by his race. If true, that would violate the plaintiff's Fourteenth Amendment right to equal protection. The plaintiff therefore states a claim that "Defendant 1" and "Defendant 2" violated his Fourth and Fourteenth Amendment rights.

    However, the plaintiff does not state a federal claim against the Springfield Police Department because no reasonable inference arises from the Complaint that the Police Department had an unconstitutional practice or policy to arrest citizens without probable cause or to discriminate on the basis of race. *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir.

---

[1] 28 U.S.C. Section 1915A; 28 U.S.C. Section 1915(e)(2)(B)(ii).

2001), *citing Monell v. Department of Social Serv.*, 436 U.S. 658, 690 (1978)(to hold municipal entity liable under 42 U.S.C. § 1983, plaintiff must show "a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or a person with final policymaking authority caused the constitutional violation."). The plaintiff's allegations involve the (alleged) rogue misconduct of the police officers who arrested him. The Springfield Police Department (or the person in charge of the Department) cannot be held liable for the unconstitutional misbehavior of its officers just because those officers work for the Department. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). The Department will therefore be dismissed.

Though the plaintiff states a claim Defendant 1 and 2, there is a problem. The Court cannot direct service on "Defendant 1" and "Defendant 2." The Court needs the names and work addresses of these defendants in order to effect service. Accordingly, the plaintiff will be given time to amend his Complaint with the names and work addresses of Defendants 1 and 2. The Court will then attempt to effect service on them. If the plaintiff does not provide this information, or obtain service on his own, his case will have to be dismissed, without prejudice.

IT IS THEREFORE ORDERED:

1) The court finds that the plaintiff states a claim that his Fourth and Fourteenth Amendment rights were violated when he was arrested on May 18, 2006. The Springfield Police Department is dismissed for failure to state a federal claim against it.

2) By July 31, 2006, the plaintiff is directed to file the names and work addresses of "Defendant 1" and "Defendant 2." If the plaintiff does not provide this information by July 31, 2006, this case will be dismissed, without prejudice, for failure to comply with this order.

3) A status conference is scheduled for November 3, 2006, at 9:30 a.m., by telephone conference. By October 27, 2006, the plaintiff must provide a phone number where he can be reached for the conference. The conference will not be held if the case has been dismissed.

Entered this   12th   Day of July, 2006.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE